IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WADE PATRICK TODD,<br><br>Defendant. | CR-00-61-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Todd was accused of violating the conditions of his supervised release by consuming alcohol, failing to complete a mental health treatment program, and failing to notify his probation officer of contact with law enforcement. He admitted the violations. Mr. Todd's supervised release should be revoked. He should be ordered to serve 11 months, with 49 months supervised release to follow. The District Court should recommend that the Bureau of Prisons provide Mr. Todd with mental health treatment.

1

## II. Status

Mr. Todd plead guilty in 2001 to Aggravated Sexual Abuse of a Minor. CD 31. The offense consisted of Mr. Todd sexually abusing a 7-year-old child while intoxicated. He was sentenced to 168 months imprisonment, with five years supervised release to follow. CD 39. Mr. Todd signed the terms of his supervised release on September 11, 2012. CD 52. In February 2013, Mr. Todd's probation officer, Wade Riden, arranged inpatient chemical dependency treatment for Mr. Todd. However, Mr. Todd was never admitted because his mental health de-stabilized before an opening became available. CD 52. In April 2013, Mr. Riden met with Mr. Todd to discuss alleged non-compliance with supervised release conditions. Mr. Todd was allowed to move in with his brother, who would help Mr. Todd get to appointments. CD 52. Mr. Riden warned Mr. Todd that future non-compliance would prompt a petition for revocation. CD 52.

### Petition

The United States Probation Office petitioned the court on September 24, 2013, to revoke Mr. Todd's supervised release. The petition alleged that Mr. Todd violated three conditions of his supervised release. It alleged he: 1) violated Special Condition #1 by drinking a large amount of alcohol on August 9 and 10, 2013; 2) violated Special Condition #4 by failing to complete sex offender therapy,

as Mr. Todd was terminated from the program on September 5, 2013 for non-attendance and alcohol use; 3) violated Standard Condition #11 by failing to notify his probation officer within 72 hours that he was arrested on September 5, 2013 on suspicion of driving under the influence of alcohol. CD 52. Based on the petition, the undersigned issued a warrant for Mr. Todd's arrest. CD 53.

**Initial appearance**

Mr. Todd was arrested on September 24, 2013. CD 54. He made an initial appearance before the undersigned the same day. CD 57. He was represented by Federal Defender Henry Branom, but Federal Defender Anthony Gallagher was appointed as Mr. Todd's attorney for future proceedings. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Todd said he had read the petition and understood the allegations. Mr. Weldon stated that Mr. Todd could be incarcerated for up to 60 months if his supervised release is revoked. Mr. Branom agreed. CD 57.

The undersigned discussed the Findings and Recommendations procedure, explaining that a revocation hearing would be held and a recommendation submitted to United States District Judge Dana L. Christensen. Mr. Todd was instructed that Judge Christensen will determine whether to revoke his supervised release and, if so, what sanction to impose. Mr. Todd was advised of his right to

object to the recommendation before Judge Christensen makes those determinations.  CD 57.

Mr. Todd waived his right to a preliminary hearing.  A revocation hearing was scheduled for September 30, 2013.  Mr. Todd was ordered detained pending the hearing. CD 57.

**Revocation hearing**

Mr. Todd appeared at the revocation hearing before the undersigned on September 30, represented by Mr. Gallagher.   Mr. Weldon represented the United States.

Mr. Todd admitted violating his conditions of supervised release, as alleged in the petition.  The undersigned believes Mr. Todd's admission adequately establishes the violations, and that the violations warrant revocation of Mr. Todd's supervised release.

Mr. Todd's violation is Grade C.  His criminal history category is III.  His underlying conviction is for a Class A felony.  Mr. Todd could be ordered into custody for the rest of his life if his supervised release is revoked.  The United States Sentencing Guidelines call for 5 to 11 months incarceration.  Mr. Todd could be ordered to remain on supervised release for up to five years, less any custodial time imposed.  Mr. Gallagher and Mr. Weldon agreed with those

calculations.

Mr. Gallagher asked the undersigned to reconsider revocation. He requested that Mr. Todd be allowed to remain on supervised release, with additional or modified conditions. Mr. Gallagher said that Mr. Todd's violations stemmed from impaired mental health, not defiance. Mr. Gallagher explained that Mr. Todd was struggling to maintain his medication regiment, and was experiencing severe mental health issues that interfered with his ability to attend scheduled therapy sessions. Mr. Gallagher suggested the sessions be suspended until Mr. Todd's condition stabilized. Recent arrangements to provide Mr. Todd with monthly injections of his medication (in lieu of daily doses) and for inpatient chemical dependency treatment bode well for Mr. Todd's future progress, Mr. Gallagher argued.

Mr. Todd addressed the court. He said his impairments make it impossible for him to earn a living wage. Mr. Todd also said he struggles, in spite of his efforts, to keep track of his appointments and to find transportation to them. Mr. Todd said that his mental health issues make his mind race, cause insomnia, and interfere with his life in many other ways. Mr. Todd said if he is sanctioned with incarceration, he hopes to be placed in the Rochester, Minnesota facility as soon as possible, as it is much more able to treat his condition than the Cascade County

Detention Center.

Mr. Weldon requested a sanction of imprisonment within the guideline range, with supervised release to follow. Mr. Weldon argued that incarceration is appropriate because of Mr. Todd's very serious underlying offense, his numerous violations in spite of his probation officer's efforts, and the danger Mr. Todd poses to the community as an untreated sex offender with unresolved chemical dependency issues.

## III. Analysis

Mr. Todd's supervised release should be revoked, as he admitted he consumed alcohol on multiple occasions; missed numerous sex offender treatment sessions, leading to his termination from the program; and failed to report an arrest. While Mr. Todd's impairments contributed to his violations, his parole officer made repeated efforts to help Mr. Todd comply. Considering Mr. Todd's underlying offense and the danger he poses to the community when he consumes alcohol and fails to receive treatment, his violations should be sanctioned despite his difficult circumstances.

Mr. Todd should be ordered to serve 11 months in prison, with 49 months supervised release to follow immediately after that custodial term. A custodial term at the top of the guideline range is appropriate. As discussed above, Mr.

Todd's underlying offense was aggravated sexual abuse of a child while Mr. Todd was intoxicated. His failure to complete treatment and his continued use of alcohol make him a serious danger to the community. The undersigned appreciates Mr. Todd's challenges. A high-end sanction is nevertheless appropriate, particularly because the Probation Office made a determined effort to help Mr. Todd comply with conditions.

A long period of supervised release after the custodial term is particularly necessary in Mr. Todd's case. If Mr. Todd does not attend treatment sessions and abstain from alcohol, he will remain a danger to the community and has little chance of a successful reintegration. He appears unlikely to do either without supervision. The District Court should maintain all those conditions previously imposed.

The District Court should make a strong recommendation that the Bureau of Prisons provide all available mental health treatment to Mr. Todd. The District Court should recommend that Mr. Todd be placed at the Rochester, Minnesota facility where Mr. Todd was previously housed, as Mr. Todd apparently achieved some stability at that facility.

## IV. Conclusion

Mr. Todd was advised that the above sentence would be recommended to

Judge Christensen, who will decide an appropriate disposition. Mr. Todd waived the 14-day period in which he may object to this recommendation. Though Mr. Gallagher disagreed with the length of the recommended custodial sanction, Mr. Gallagher said Mr. Todd's priority is to be placed in a Bureau of Prisons facility as soon as possible, where he can obtain proper medication on an appropriate schedule. Mr. Weldon said he has no objection to the recommendation and also waived the 14-day objection period.

The court **FINDS:**

1.    Mr. Todd violated Special Condition #1 of his supervised release by consuming alcohol on or around August 9, 2013 and August 10, 2013.

2.    Mr. Todd violated Special Condition #4 of his supervised release by failing to complete sex offender treatment, from which he was terminated on September 5, 2013.

3.    Mr. Todd violated Standard Condition #11 of his supervised release by failing to notify his probation officer of an arrest on September 5, 2013, within 72 hours.

The court **RECOMMENDS:**

1.    The District Court should enter the attached Judgment, revoking Mr. Todd's supervised release and ordering him into the custody of the United States Bureau of Prisons for11 months, with 49 months supervised release to follow.

2.      The District Court should continue the standard and special conditions of supervised release previously imposed on Mr. Todd, fully set forth in the attached Judgment.

3.      The District Court should recommend that Mr. Todd be placed at the Bureau of Prison's facility in Rochester, Minnesota.  The District Court should recommend that, where he is placed, Mr. Todd should be given a mental health evaluation and treatment.


Dated the1st day of October, 2013.



Keith Strong
United States Magistrate Judge